Filed 10/11/23  P. v. Quillin CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C097612 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20113853) |
| v. | |
| CHARLES CAMERON QUILLIN, | |
| Defendant and Appellant. | |

On April 19, 2012, a jury found defendant Charles Cameron Quillin guilty of murder.  (Pen. Code, § 187, subd. (a).)  The jury also found true allegations that, during the commission of the murder, defendant personally used a firearm causing great bodily injury.  (*Id*., § 12022.53.)  The trial court subsequently sentenced defendant to an aggregate term of 50 years to life in state prison:  25 years to life for murder, plus 25 years to life for the firearm use enhancement.

1

On July 28, 2022, defendant filed a petition for resentencing under Penal Code section 1172.6[1] with the Yolo County Superior Court. Following the appointment of counsel, briefing, and argument, the trial court denied the petition without issuing an order to show cause. Defendant timely appealed.

On July 20, 2023, defendant's appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and requesting we exercise our discretion to review the entire record for arguable issues on appeal. Counsel also wrote defendant, explaining he would be filing a *Delgadillo* brief and if defendant failed to file a propria persona supplemental brief, his appeal would likely be dismissed.

Also, on July 24, 2023, this court sent a letter notifying defendant: (1) his counsel filed an appellate brief stating his review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we advised defendant that if the court did not receive a letter brief within that period, "the court may dismiss the appeal as abandoned."

Defendant did not file a supplemental brief within the 30 days following the *Delgadillo* notice. We consider defendant's appeal abandoned and order the appeal dismissed. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code former section 1170.95 to section 1172.6. (Stats 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed his petition under Penal Code former section 1170.95, we refer to the current section 1172.6.

DISPOSITION

The appeal is dismissed.

_____/s/_____

KEITHLEY, J.*

We concur:

_____/s/_____

HULL, Acting P. J.

_____/s/_____

DUARTE, J.

---

*     Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.